**Leonard M. SZYMANSKI, Appellant–Defendant Below,**

v.

**STATE of Indiana, Appellee–Plaintiff Below.**

No. 71A03–9310–CR–359.

Court of Appeals of Indiana, Third District.

June 29, 1994.

Anthony V. Luber, South Bend, for appellant.

Pamela Carter, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

On August 20, 1991, Leonard Szymanski was charged with criminal recklessness, a Class D felony.[1] Trial commenced on February 24, 1992. On February 25, 1992, a mistrial was declared after a State witness referred to a polygraph examination.

On May 6, 1992, the State filed a two count Information, charging Szymanski with criminal recklessness, a Class D felony, and battery, a Class A misdemeanor.[2] The Honorable Roland Chamblee, Jr. dismissed the added count. On September 3, 1992, the State filed an Information, charging that Szymanski committed battery, a class A misdemeanor. Again, Judge Chamblee dismissed the battery charge; the State responded by moving to dismiss the cause in its entirety.

On September 9, 1992, the State refiled the criminal recklessness and battery charges. The cause was assigned to the Honorable William Means. Despite Szymanski's motion to dismiss, trial proceeded on both counts.[3]

1. The information charged that Szymanski committed criminal recklessness by pointing a handgun at Ralph Bush on June 14, 1991.

2. The information charged that Szymanski committed criminal recklessness by pointing a handgun at Ralph Bush on June 14, 1991, and also

touched Bush in a rude, insolent or angry manner on June 14, 1991.

3. Szymanski raised two claims before the trial court: (1) double jeopardy principles barred his prosecution on either count and (2) he was denied fundamental due process because he was

Szymanski was acquitted of criminal recklessness and convicted of battery.

On appeal, he raises three issues. One is dispositive: whether Szymanski was entitled to dismissal of the battery count, added after he requested and was granted a mistrial.

We reverse and remand.

In *Murphy v. State* (1983), Ind., 453 N.E.2d 219, a defendant was brought to trial on charges of burglary and theft. A mistrial was declared and the State subsequently filed an additional count. Our supreme court concluded that the defendant was entitled to dismissal of the charge added after mistrial:

> "Defendant was initially charged with a 'Class C' felony and a 'Class D' felony. Assuming maximum enhancement, of sentences and an order for consecutive sentences upon a finding of aggravating circumstances, he was subject to imprisonment for a maximum of twelve (12) years when the grounds for mistrial came to light. Immediately following the grant of Defendant's motion, the State 'raised the ante' to a possible sentence for forty (40) years. In the meantime, nothing had occurred except that Defendant had successfully exercised his right to have a fair trial.
> Under such circumstances, fundamental fairness precludes a requirement that Defendant show vindictive motivation or that the State be permitted to show its absence. Were we to hold otherwise, an accused in Defendant's predicament would be required to elect whether he would submit to a trial had without due process of law or to a trial wherein there was a potential for a much more severe penalty. Our concept of justice simply will not sanction an implicit form of bargaining where the accused must purchase due process of law."

*Id.* at 226–27.

Subsequently, in *Harris v. State* (1985), Ind., 421 N.E.2d 382, our supreme court emphasized the rationale underlying the *Murphy* decision: "that an accused should not be faced with the prospect of retaliation if he exercises his legal right to a fair trial or appeals his conviction." Id. at 385.

Szymanski was brought to trial on a single charge related to his conduct toward Ralph Bush on June 14, 1991. The conduct of a State witness precipitated a mistrial. After some prosecutorial persistence (if not vindictiveness), Szymanski was then subjected to an additional charge related to his conduct toward Ralph Bush on June 14, 1991. Szymanski was improperly penalized for the exercise of his right to a fair trial.

We reverse and remand with instructions to the trial court to vacate the battery conviction.

Reversed and remanded.

HOFFMAN and ROBERTSON, JJ., concur.

subjected to an additional charge after requesting a mistrial. On appeal, he concedes that his

reprosecution after mistrial is not prohibited by double jeopardy principles.