656 N.E.2d 290 (1995)
Leonard SZYMANSKI, Appellant-Plaintiff,
v.
REVIEW BOARD OF THE INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT AND ROSELAND POLICE DEPARTMENT, Appellees-Defendants.
No. 93A02-9412-EX-760.
Court of Appeals of Indiana.
October 10, 1995.
*291 Debra Voltz-Miller, Fred R. Hains, South Bend, for Appellant.
Pamela Carter, Attorney General, Sabra A. Weliever, Deputy Attorney General, John S. Hosinski, Hosinski & Associates, South Bend, for Appellee.

OPINION
RUCKER, Judge.
Following a battery conviction, Leonard Szymanski was fired from his job with the Roseland Police Department. He sought unemployment compensation which an Administrative Law Judge denied on the basis that Szymanski had been fired for gross misconduct. After this court reversed the battery conviction, Szymanski sought an appeal before the Review Board challenging the initial denial of unemployment benefits. The Review Board dismissed the appeals as untimely. Szymanski now appeals contending the Board erred in so doing. We disagree and therefore affirm.
Szymanski began employment in 1986 as a deputy marshall with the Town of Roseland. In 1991, he was involved in an altercation with a motorist during an off-duty traffic stop. As a result, Szymanski was charged with criminal recklessness as a Class D felony. Following a mistrial, the State refiled *292 the criminal recklessness charge and also filed a charge of battery as a Class A misdemeanor. At a second trial conducted March 19, 1993, a jury found Szymanski guilty of battery but acquitted him of criminal recklessness. Shortly thereafter, the Roseland Police Department terminated Szymanski's employment pursuant to Ind. Code § 36-8-3-4.[1] Szymanski applied for unemployment compensation; however, on May 27, 1993 an Administrative Law Judge (ALJ) determined Szymanski was not entitled to unemployment benefits because he had been terminated for gross misconduct.[2] Szymanski did not appeal the ALJ's ruling. In June 1994, we handed down an opinion reversing Szymanski's conviction. See Szymanski v. State (1994), Ind. App., 636 N.E.2d 196.[3] Armed with the opinion, Szymanski filed a Request for Appeal before the Review Board on October 13, 1994. According to Szymanski because the conviction had been reversed, he therefore had not committed the gross misconduct used as justification for the denial of unemployment benefits. The Review Board dismissed the attempted appeal because it "was not filed within the time prescribed by the Indiana Employment and Training Act." Record at 33. This appeal ensued in due course.
Szymanski contends the Review Board erred in dismissing his attempted appeal because such dismissal impermissibly encroaches upon his constitutionally-protected property interest in the receipt of unemployment benefits. Szymanski concedes that he failed to comply with the statutory requirements for perfecting a timely appeal from the ALJ's determination. Nonetheless, Szymanski asserts that where, as here, the denial of unemployment benefits is predicated upon a criminal conviction which is subsequently vacated, the claimant "is entitled to unemployment compensation as though he were never convicted." Brief of Appellant at 14.
On judicial review of an unemployment compensation proceeding, we determine whether the decision of the Review Board is reasonable in light of its findings. Arvin North American Automotive v. Review Board (1992), Ind. App., 598 N.E.2d 532, 535, trans. denied. We are bound by the Review Board's resolution of all factual matters; thus, we neither reweigh evidence nor reassess witness credibility. I.C. § 22-4-17-12(a); Bishop v. Review Bd. (1993), Ind. App., 611 N.E.2d 670, 672. Rather, we consider only the evidence most favorable to the Board's decision and the reasonable inferences to be drawn therefrom, and if there is substantial evidence of probative value to support the Board's conclusion, it will not be set aside. Monroe County Sheriff Dep't v. Review Bd. (1994), Ind. App., 637 N.E.2d 155, reh'g denied. When an appeal involves a question of law, we are not bound by the agency's interpretation of law but rather determine whether the agency correctly interpreted the law and correctly applied the applicable law. Hughey v. Review Bd. (1994), Ind. App., 639 N.E.2d 1044, 1046, trans. denied.
The time period for perfecting an appeal from an ALJ's determination is statutorily defined. Here, Szymanski's attempted appeal from the ALJ's denial of unemployment benefits is governed by I.C. § 22-4-17-3 which provides:
Unless such request for hearing is withdrawn, an administrative law judge, after affording the parties a reasonable opportunity for fair hearing, shall affirm, modify, or reverse the findings of fact and decision of the deputy. The parties shall be duly notified of such decision and the reasons *293 therefor, which shall be deemed to be the final decision of the review board, unless within fifteen (15) days after the date of notification or mailing of such decision, an appeal is taken by the director or by any party adversely affected by such decision to the review board.

(emphasis added). Pursuant to I.C. § 22-4-17-14(c), an additional three days is added to the prescribed time period where notice is served by mail. Thus, an aggrieved party seeking review of an ALJ's determination must file an appeal within a maximum of eighteen days. See 646 IAC 3-12-7. If no appeal is taken within the statutorily prescribed time, I.C. § 22-4-17-3 mandates that the ALJ's ruling "shall be deemed to be the final decision of the review board" (emphasis added).
It is well settled that when a statute contains a requirement that an appeal or notice of the intention to appeal shall be filed within a certain time, strict compliance with the requirement is a condition precedent to the acquiring of jurisdiction, and non-compliance with the requirement results in dismissal of the appeal. Teachers Ass'n v. Bd. of School Trustees (1995), Ind. App., 646 N.E.2d 988, 992 citing Cano v. Review Bd. (1987), Ind. App., 513 N.E.2d 670, 672, trans. denied; Malcom v. Review Bd. (1985), Ind. App., 479 N.E.2d 1333, 1334. Indeed, we have strictly construed I.C. § 22-4-17-3 to require dismissal for lack of jurisdiction where an appeal has not been timely filed. See, e.g., Cano, 513 N.E.2d at 672 (party's failure to file notice of intention to appeal referee's decision within fifteen days "would be a fatal noncompliance, preventing the Review Board from acquiring jurisdiction over the parties or the case"); Neal v. Review Bd. (1972), 153 Ind. App. 630, 288 N.E.2d 561, 563, trans. denied (claimant's failure to timely initiate appeal from referee's decision resulted in a "break in the chain of jurisdiction" and required dismissal of the attempted appeal); Steel Transp. Co., Inc. v. Review Bd. (1962), 134 Ind. App. 95, 186 N.E.2d 174 (decision of Review Board set aside for lack of jurisdiction where claimant failed to file notice of intention to appeal within statutory time period).
The record in this case reveals that the ALJ's decision denying Szymanski unemployment benefits was dated May 27, 1993, and contains a mailing date of June 1, 1993. However, Szymanski's attempted appeal of the ALJ's ruling was not filed until October 13, 1994, over fifteen months after the date on which the ALJ's determination became the final decision of the Review Board pursuant to I.C. § 22-4-17-3. Szymanski's failure to timely comply with the relevant statutory requirements thus prevented the Review Board from acquiring jurisdiction to review the ALJ's ruling. Accordingly, the Review Board correctly dismissed Szymanski's untimely appeal.
Szymanski counters that the application of the foregoing statutory procedures to his unique circumstances deprived him of due process safeguards and thus requires the employment of "`substitute' procedural safeguards." Brief of Appellant at 9. According to Szymanski, because his conviction was not vacated until after the expiration of the statutory period for filing an appeal, pursuing a timely appeal would have been a futile measure. However, we observe that Szymanski could have availed himself of the administrative procedure for requesting a continuance pending resolution of his criminal appeal. The Indiana Administrative Code, 640 IAC 1-11-4,[4] provides that "[t]he referee or the Review Board may continue any hearing upon its own motion or upon written application of any party to the appeal. Such written application must be received not later than three (3) days before the date of the hearing." Szymanski was convicted of battery on March 19, 1993. In order to preserve his appellate rights, Szymanski was required to file a praecipe within thirty days of the entry of final judgment of conviction. See Ind.Appellate Rule 2(A). Thus, Szymanski was aware of his pending criminal appeal at the time of his hearing before the ALJ on May 27, 1993. He therefore could have benefited from 640 IAC 1-11-4 by requesting that the ALJ grant a continuance of his hearing pending the outcome of his criminal appeal. In *294 like fashion Szymanski could have proceeded with his hearing before the ALJ, instituted a timely appeal of the ALJ's determination, and thereafter petitioned the Review Board for a continuance pending the resolution of his criminal appeal. Although the rule places the determination whether to grant a continuance at the discretion of the ALJ or the Review Board, nothing in the record indicates that Szymanski either attempted to obtain a continuance or availed himself of any other measure intended to preserve his right to an appeal before the Review Board. We affirm the Review Board's dismissal of Szymanski's attempted appeal.
Judgment affirmed.
SHARPNACK, C.J., and CHEZEM, J., concur.
NOTES
[1] I.C. § 36-8-3-4(b) provides in pertinent part that "a member of the police or fire department ... may be disciplined by demotion, dismissal, reprimand, forfeiture, or suspension upon... [c]onviction in any court of any crime... ."
[2] Ind. Code § 22-4-15-6.1 provides "Notwithstanding any other provisions of this article, all of the individual's wage credits established prior to the day upon which the individual was discharged for gross misconduct in connection with work are canceled. `Gross misconduct' includes a felony or a Class A misdemeanor committed in connection with work but only if the felony or misdemeanor is admitted by the individual or has resulted in a conviction."
[3] The basis for reversal was that the State's action in filing the additional battery charge on retrial "improperly penalized [Szymanski] for the exercise of his right to a fair trial." Szymanski 636 N.E.2d at 197.
[4] Effective July 1, 1994, this provision has been transferred to 646 IAC 3-12-4(a).