**RICHARDS RESTAURANT,**
**Appellant–Employer,**

v.

**Scott D. LUKINS, Appellee–Claimant.**

**No. 93A02–9511–EX–672.**

Court of Appeals of Indiana.

July 15, 1996.

---

Kathleen M. Anderson, Barnes & Thornburg, Fort Wayne, for Appellant.

Pamela Carter, Attorney General, Michael K. Ausbrook, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

HOFFMAN, Judge.

Appellant-employer Richards Restaurant (Richards) appeals from a decision of the Review Board of the Indiana Department of Workforce Development (Review Board) allowing Scott D. Lukins unemployment benefits following his discharge from employment at Richards. The facts relevant to appeal are summarized below.

Lukins began working for Richards as a cook in March 1994. While at work on April 28, 1995, Lukins asked a waitress, Josette Adams, four times to pass him a piece of toast needed to complete a meal. In response to the fourth request, Adams stated, "You _____ idiot, you don't have to go crazy." Lukins then followed Adams and called her a racially offensive name. Lukins was not reprimanded, suspended, or discharged at that time.

Moments after the above events, Lukins fell and broke his right hand. He reported the incident to management and left work early to seek medical treatment. Lukins returned with his hand in a cast to work for one hour on Sunday, April 29, 1995. However, when Lukins arrived for work on Monday, May 1, 1995, he was discharged. Richards alleged it discharged Lukins for "abusive language and discriminatory remarks" directed at another employee. Lukins believes he was discharged because Richards does not want to assume financial responsibility for his injury.

Lukins applied for and was denied unemployment compensation benefits with the Indiana Department of Workforce Development (Department). He appealed the decision to the Review Board. An administrative law judge (ALJ) was assigned to hear the case. After conducting a hearing on July 25, 1995, the ALJ entered findings of fact and conclusions of law which were adopted by the Review Board on September 28, 1995. Finding inter alia such outbursts are not uncommon among Richards' employees, Lukins was reasonably provoked by Adams, no written warnings had been issued to Lukins prior to discharge, and he received no prior notice that such behavior was unacceptable and

would result in discharge; the Board reversed the denial of Lukins benefits. Richards appeals.

On appeal, Richards raises two issues, which we restate as:

(1) whether the Review Board had jurisdiction to hear Lukin's appeal; and

(2) whether the decision of the Review Board is supported by the evidence.

Richards contends the Review Board has no jurisdiction over Lukins' appeal, because he did not perfect his appeal in a timely manner. IND. CODE § 22–4–17–2 (1993 Ed.) governing appeals such as this provides, in pertinent part:

**Filing; determination of status; hearings; disputed claims**

Sec. 2 ... (e) In cases where the claimant's benefit eligibility or disqualification is disputed, the department shall promptly notify the claimant and the employer or employers directly involved or connected with the issue as to the ... denial thereof. ... Except as otherwise hereinafter provided ... *unless the claimant or such employer, within twenty (20) days after such notification was mailed to the claimant's or the employer's last known address,* or otherwise delivered to the claimant or the employer, *asks a hearing before an administrative law judge thereon, such decision shall be final and benefits shall be paid or denied in accordance therewith.*

(Emphasis added.)

The Department mailed Lukins a notice of denial of benefits on May 24, 1995. Upon receipt of this notice and pursuant to the instructions on documents received with the notice, Lukins promptly returned his Notice of Appeal on May 27, 1995. Specifically, Lukins placed his Notice of Appeal in an envelope provided by the Department and sent it back using regular mail service.

After not receiving a response within three weeks, Lukins called the Department to inquire as to the status of his claim. The Department stated it had no record of his filing but instructed him to refile his Notice of Appeal, which he did. The Department received Lukins' Notice of Appeal on July 7, 1995.

■ IND. CODE § 22–4–17–2(e) is jurisdictional in nature. Thus, failure to comply with the mandates of the statute results in dismissal of an appeal. *Szymanski v. Review Bd. Dept. of Workforce Dev.,* 656 N.E.2d 290, 293 (Ind.Ct.App.1995). However, the undisputed evidence discloses that Lukins did attempt to comply with this statute and the instructions of the Department regarding initiation of an appeal as written on the documents. His Notice of Appeal was lost through no fault of his own. Although use of certified or registered mail would have made Lukins' proof of mailing easier, this method is not required by law. To the contrary, IND. CODE § 22–4–17–14 merely instructs:

> (d) The filing of a document with the appellate division or review board is complete on the earliest of the following dates that apply to the filing:
>
>    \*    \*    \*    \*    \*    \*
>
> (2) The date of the postmark on the envelope containing the document if the document is mailed to the appellate division or review board by the United States Postal Service.

The Department's form additionally stated, "The [p]ostmark on the envelope will indicate the filing date of the appeal." The Review Board did not err in hearing the merits of Lukins' appeal.

■ Next, Richards complains the evidence in the record does not support the Review Board's findings and conclusions. When reviewing decisions of the Review Board regarding unemployment compensation, this Court is bound by the agency's factual determinations. *Russell v. Review Bd.,* 586 N.E.2d 942, 947 (Ind.Ct.App.1992). We neither reweigh the evidence nor judge the witnesses' credibility. *Id.* The Review Board's decision will be disturbed only if after taking the evidence most favorable to the decision, reasonable persons would reach a different result. *Id.*

■ Inasmuch as Richards alleges there was just cause to discharge Lukins, it has the burden of establishing a *prima facie* case showing just cause. *Id.* at 948. If Richards successfully makes this showing, then the burden shifts to Lukins who must produce rebuttal evidence to show this is not the case. *Id.*

■ IND. CODE § 22–4–15–1(d) (1993 Ed.) provides, in pertinent part, that a "(2) knowing violation of a reasonable and uniformly enforced rule of [the] employer" constitutes "just cause." Thus, to establish a *prima facie* case for discharge, Richards must show that Lukins: (1) knowingly violated; (2) a reasonable; and (3) uniformly enforced rule. *Russell,* 586 N.E.2d 942 at 948.

■ Only Lukins and Richards' manager, Stephen Atherton, testified at the hearing. Adams was not present. Atherton stated Richards utilizes a progressive discipline system which he stated was in written form. However, he did not have a copy of it to introduce into evidence and made only vague references to its provisions during questioning. According to Atherton, the policy provides that when a problem arises, management first attempts to resolve it by discussing the matter with the employee. Thereafter, verbal and written warnings are issued before discharge occurs. Atherton stated he gave verbal warnings to Lukins about his language and stated he had kept records of those warnings. Nonetheless, he was unable to provide documentation to support this contention at the hearing.

While denying the exact terminology used by Richards, Lukins admitted to directing offensive language at Adams. However, he stated that such language is commonly exchanged among employees without ramification. Lukins further insisted he was provoked by Adams who initiated the dispute by using offensive language herself.

Lukins acknowledged the existence of a newly enacted progressive discipline policy but stated he believed it addressed only issues of tardiness. He denied knowledge of any provision addressing offensive language. Lukins stated he knew of only one person, Adams, who had received a written reprimand for such behavior. While he had received a written reprimand for tardiness in the past, he had never received a written reprimand for offensive language prior to his discharge. Lukins further stated that when he inquired about payment for his broken

hand and told Atherton he would hire an attorney to resolve the situation, Atherton responded that until he is told to turn in the claim to workers compensation, he is not going to pay for it. He was discharged the next day. Inasmuch as Richards has failed to show Lukins knowingly violated a reasonable and uniformly enforced work rule, the decision of the Review Board is affirmed.

Affirmed.

STATON, J., concurs.

BARTEAU, J., concurs with opinion.

BARTEAU, Judge, concurring.

I write separately to emphasize that the administrative law judge made the determination that Lukins timely filed his appeal and the Review Board upheld that determination. As noted by the majority, this court is bound by the Board's factual determinations and we will disturb the Board's decision only if, after considering the evidence most favorable to the decision, reasonable persons would reach a different result. *Russell v. Review Bd.,* 586 N.E.2d 942, 947 (Ind.Ct.App.1992).

Lukins testified that he timely mailed his Notice of Appeal in the envelope provided by the Indiana Department of Workforce Development. The administrative law judge found Lukins's testimony to be true and thus the Notice of Appeal timely filed. Because evidence supports the factual determination and there is no indication that reasonable persons would reach a different result, we are bound by the finding. Thus, I concur.