**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
May 29 2012, 9:23 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BARRY T. BARNES**
Feiwell & Hannoy, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**STEPHANIE L. ROTHENBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LAURA L. MOSIER, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 93A02-1112-EX-1092 |
| | ) | |
| REVIEW BOARD OF THE INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT and DEPARTMENT OF HEALTH, | ) ) ) | |
| | ) | |
| Appellees-Respondents. | ) | |

APPEAL FROM THE DWD REVIEW BOARD
Cause No. 11-R-4914

**May 29, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Laura L. Mosier appeals the decision of the Review Board of the Indiana Department of Workforce Development (Review Board) dismissing her appeal as untimely. Finding no error, we affirm the Review Board's dismissal.

FACTS

Mosier was discharged from her employment with the Indiana State Department of Health on November 22, 2010. The following day, she filed a complaint with the State Employees Appeals Commission (the SEAC). She also filed a claim for unemployment benefits with the Department of Workforce Development (the Department). On December 6, 2010, a claims deputy from the Department concluded that Mosier was discharged for just cause and was therefore not eligible for unemployment benefits. The Department sent Mosier a "Determination of Eligibility" (DOE) that set forth the deputy's decision. The DOE clearly stated that the determination would become final if not appealed within the thirteen-day statutory time limit. Following a prehearing conference with an ALJ from the SEAC, Mosier and the Department of Health began settlement negotiations. They reached an agreement on April 12, 2011.

On June 2, 2011, Mosier appealed the Department's December 6, 2010, determination that she was discharged for just cause. On September 21, 2011, an ALJ dismissed the appeal because it was filed six months late. Mosier appealed this dismissal to the Review Board, which affirmed the decision of the ALJ. Mosier now appeals the Review Board's decision.

2

DISCUSSION AND DECISION

On judicial review of an unemployment compensation proceeding, we determine whether the decision of the Review Board is reasonable in light of its findings. Syzmanski v. Rev. Bd. of the Ind. Dep't of Workforce Dev., 656 N.E.2d 290, 292 (Ind. Ct. App. 1995). Because we are bound by the Review Board's resolution of all factual matters, we neither reweigh the evidence nor reassess the credibility of witnesses. Id. Rather, we consider only the evidence most favorable to the Review Board's decision and the reasonable inferences to be drawn therefrom. Id. If there is substantial evidence of probative value to support the Review Board's decision we will not set it aside. Id. We are not bound by an agency's interpretation of the law, but rather, determine whether the agency correctly interpreted and applied the law. Id.

When a statute contains a requirement that an appeal be filed within a certain time, noncompliance with that requirement results in dismissal of the appeal. Id. Indiana Code section 22-4-17-2 provides that a party has ten days after the mailing date of the Department's determination to request a hearing before an ALJ. Indiana Code section 22-4-17-14 further provides that if a notice is served through the United States mail, three days are added to a period that commences upon service of that notice.

Here, the deputy's determination was mailed on December 6, 2010. Mosier's appeal was therefore due on or before December 19. However, the appeal was not filed until June 2, 2011. Mosier's noncompliance with the statute results in the dismissal of her appeal.

3

To the extent that Mosier argues that her appeal with the SEAC should have tolled the deadline of her appeal with the Department, she is mistaken. Her settlement agreement with the Department of Health was simply not relevant to the timeliness of her appeal to the Department. See Cunningham v. Review Bd. of Ind. Dep't of Workforce Dev. 913 N.E.2d 203, 207 (Ind. Ct. App. 2009) (stating that Cunningham's agreement with her employer was not relevant to the timeliness of appeal to the Department). Therefore, based upon the relevant evidence before it, the Review Board did not err by affirming the ALJ's dismissal of Mosier's appeal as untimely. Accordingly, we affirm the decision of the Review Board. See id.

The decision of the Review Board is affirmed.

KIRSCH, J., and BROWN, J., concur.