**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

APPELLANT PRO SE:

**FAYE E. WARFIELD**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**STEPHANIE L. ROTHENBERG**
Deputy Attorney General
Indianapolis, Indiana

**FILED**
Jun 06 2012, 9:25 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| FAYE E. WARFIELD, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 93A02-1110-EX-915 |
| | ) | |
| REVIEW BOARD OF THE INDIANA | ) | |
| DEPARTMENT OF WORKFORCE | ) | |
| DEVELOPMENT and IDWD U.I. CLAIMS | ) | |
| ADJUDICATION, | ) | |
| | ) | |
| Appellees. | ) | |

APPEAL FROM THE REVIEW BOARD OF THE
DEPARTMENT OF WORKFORCE DEVELPOMENT
Cause No. 11-R-04742

**June 6, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

Faye Warfield[1] appeals the decision of the Review Board of Indiana Department of Workforce Development ("Review Board") dismissing her appeal of an Administrative Law Judge's ("ALJ") decision that she knowingly failed to disclose material facts that resulted in overpayment of benefits. Concluding the Review Board appropriately dismissed Warfield's appeal, we affirm.

In mid-2011, a Department of Workforce Development deputy issued a determination against Warfield.[2] Warfield filed an appeal of the determination, and a hearing was held before the ALJ at which Warfield represented herself and the Department of Workforce Development was represented by an investigator. On August 26, 2011, the ALJ issued a written decision which provided, in pertinent part, as follows:

> ISSUE: Whether the claimant knowingly failed to disclose or has falsified any fact. . . .
> This decision will become final unless the party receiving the adverse Decision appeals to the Review Board within fifteen (15) calendar days after the mailing date of this decision. . . .
> * * *
> CONCLUSIONS OF LAW: The Administrative Law Judge concludes that the claimant knowingly failed to disclose material facts that resulted in overpayment of benefits. The claimant knowingly failed to report employment and deductible income earned therefrom. The Administrative Law Judge concludes that the claimant is subject to penalties described by [statute].
> DECISION: The determination of the investigator is affirmed. The claimant is subject to repayment of overpayments and any penalty that has been assessed. . . .

---

[1] We use the claimant's full name because no affirmative request pursuant to Administrative Rule 9(G)(1.2) was made to exclude information from public access. See Recker v. Review Bd. of Ind. Dep't of Workforce Dev., 958 N.E.2d 1136, 1138 n.4 (Ind. 2011).

[2] Warfield is pro se on appeal, and neither her brief nor her appendix illuminate the underlying facts. The facts giving rise to the Department of Workforce Development proceedings are not, however, important to the resolution of this procedural issue.

Exhibits of Proceedings Before the Review Board at 1-2. On September 26, 2011, Warfield

filed a document which the Review Board considered an appeal of the ALJ's decision. <u>See</u>

<u>id.</u> at 3; <u>see also</u> Appellant's Appendix at 13 (September 29, 2011 notice issued by the

Review Board that it "has received an appeal from the adversely affected party" on

September 28, 2011). On September 30, 2011, the Review Board issued a Notice of

Dismissal, which provided in pertinent part:

> An appeal by a claimant or employer from a decision of the Administrative
> Law Judge will be dismissed when the Administrative Law Judge's decision is
> not appealed within the time specified by [statute].
> * * *
> The Review Board finds that the appeal in the above entitled case was not filed
> within the time prescribed by the [statute] and, therefore, the attempted appeal
> is dismissed.

Exhibits at 5. Warfield appealed the dismissal to this court.

> Indiana Code section 22-4-17-3(b) states:

> The parties shall be duly notified of the [ALJ's] decision . . . and the reasons
> therefor, which shall be deemed to be the final decision of the review board,
> unless within fifteen (15) days after the date of notification or mailing of such
> decision, an appeal is taken by the commissioner or by any party adversely
> affected by such decision to the review board.

Indiana Code section 22-4-17-14(c) adds an additional three days to that deadline if the

decision is served by mail. Thus, a party seeking to appeal an ALJ's decision must file an

appeal within a maximum of eighteen days after the decision is mailed. <u>Szymanksi v.</u>

<u>Review Bd. of Ind. Dep't of Workforce Dev.</u>, 656 N.E.2d 290, 293 (Ind. Ct. App. 1995). We

have strictly construed the requirements of Indiana Code section 22-4-17-3(b) and held that

compliance with the time requirement of the statute is a condition precedent to the review

3

board acquiring jurisdiction over the case.  Id.  Non-compliance results in dismissal of the appeal and the ALJ's decision becomes final.  Id.  The ALJ's decision informed Warfield of the time requirement and the consequence of failing to meet it.

The record in this case shows that the ALJ's decision was mailed on August 26, 2011.  Thus, Warfield's appeal to the Review Board was due no later than September 13, 2011.  Warfield did not file her appeal until September 26, 2011.  Due to Warfield's untimely appeal, the Review Board did not have jurisdiction to review the ALJ's decision, and the Review Board properly dismissed her appeal.

Affirmed.

BAILEY, J., and MATHIAS, J., concur.