**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**WILLIAM A. RAMSEY**
Murphy Ice, LLP
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KRISTIN GARN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| J.W., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 93A02-1311-EX-1003 |
| | ) | |
| REVIEW BOARD OF THE INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT, | ) ) ) ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE REVIEW BOARD OF THE DEPARTMENT
OF WORKFORCE DEVELOPMENT
Cause No. 13-R-3705

**June 27, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

J.W. appeals the dismissal of his request for unemployment benefits by the Review Board of the Department of Workforce Development ("Review Board"). We affirm.

**Issue**

J.W. raises one issue, which we restate as whether the Review Board erred by dismissing his appeal as untimely.

**Facts**

On November 30, 2012, J.W. was terminated from his employment. He filed a claim for unemployment benefits. On April 29, 2013, a claims deputy determined that he was not eligible for unemployment benefits. J.W. appealed this determination, and a hearing before an administrative law judge ("ALJ") was scheduled for June 17, 2013. The notice of the hearing required J.W. to deliver an acknowledgement sheet to the Appeals Office with a telephone number for the ALJ to call him. On June 17, 2013, the ALJ issued an order dismissing J.W.'s claim because J.W. had "failed to participate in the appeal hearing." Ex. at 6. The order noted: "The deputy's determination will become final unless the party requesting the appeal files a written request for reinstatement within seven days from the mailing date of this Notice. Requests for reinstatement must show good cause why the appeal should be reinstated." Id.

Apparently, a second case was erroneously opened in July 2013. On July 11, 2013, a notice of hearing was sent regarding a hearing on July 24, 2013, before a

different ALJ. On July 18, 2013, the second case was "cancelled as a duplicate file" and the July 24, 2013 hearing date was vacated. Id. at 14.

On July 21, 2013, J.W. faxed some documents to the Appeals Office, which were interpreted as a request for reinstatement. On July 26, 2013, the Designee for Director of Unemployment Insurance Appeals denied the request for reinstatement. The Designee found: "The appealing party did not file a request for reinstatement within seven (7) days from the mailing of the decision or notice of disposition. Therefore, the request was untimely and is DENIED." Id. at 1. That notice informed J.W. that the decision would be final unless appealed within fifteen days. J.W. appealed the decision on October 9, 2013. The Review Board dismissed the appeal because it was not filed within the required time. J.W. now appeals.

**Analysis**

J.W. argues that the Review Board erred when it dismissed his appeal. On appeal, we review the Review Board's (1) determinations of specific or basic underlying facts; (2) conclusions or inferences from those facts, or determinations of ultimate facts; and (3) conclusions of law. McClain v. Review Bd. of Indiana Dep't of Workforce Dev., 693 N.E.2d 1314, 1317 (Ind. 1998). The Review Board's findings of basic fact are subject to a "substantial evidence" standard of review. Id. In this analysis, we neither reweigh the evidence nor assess the credibility of witnesses and consider only the evidence most favorable to the Review Board's findings. Id. Reversal is warranted only if there is no substantial evidence to support the Review Board's findings. Id. (citing KBI, Inc. v. Review Bd. of Indiana Dep't of Workforce Dev., 656 N.E.2d 842, 846 (Ind. Ct. App.

3

1995)). Next, the Review Board's determinations of ultimate facts, which involve an inference or deduction based upon the findings of basic fact, are generally reviewed to ensure that the Review Board's inference is reasonable. Id. at 1317-18. Finally, we review conclusions of law to determine whether the Review Board correctly interpreted and applied the law. McHugh v. Review Bd. of Indiana Dep't of Workforce Dev., 842 N.E.2d 436, 440 (Ind. Ct. App. 2006).

The Review Board found that J.W.'s appeal of the ALJ's decision was untimely. Indiana Code Section 22-4-17-3 provides:

> (a) Unless such request for hearing is withdrawn, an administrative law judge, after providing the notice required under section 6 of this chapter and affording the parties a reasonable opportunity for fair hearing, shall affirm, modify, or reverse the findings of fact and decision of the deputy.
>
> (b) The parties shall be duly notified of the decision made under subsection (a) and the reasons therefor, which shall be deemed to be the final decision of the review board, unless within fifteen (15) days after the date of notification or mailing of such decision, an appeal is taken by the commissioner or by any party adversely affected by such decision to the review board.

Further, "[i]f a notice is served through the United States mail, three (3) days must be added to a period that commences upon service of that notice." Ind. Code § 22-4-17-14. Thus, a party seeking review of an ALJ's determination must file an appeal within a maximum of eighteen days. "If no appeal is taken within the statutorily prescribed time, I.C. § 22-4-17-3 mandates that the ALJ's ruling 'shall be deemed to be the final decision of the review board.'" Szymanski v. Review Bd. of Indiana Dep't of Workforce Dev.,

4

656 N.E.2d 290, 293 (Ind. Ct. App. 1995). "It is well settled that when a statute contains a requirement that an appeal or notice of the intention to appeal shall be filed within a certain time . . . non-compliance with the requirement results in dismissal of the appeal." Id.

J.W. argues that he appealed the Designee's July 26, 2013 order on August 12, 2013.[1] However, the record does not reflect that he filed anything on August 12, 2013, and his October 9, 2013 appeal does not mention a filing on August 12, 2013. In support of his argument, J.W. has submitted an affidavit that was not part of the record below. However, "[t]he appellate rules do not permit material to be included in a party's appendix that was not presented to the trial court." In re Contempt of Wabash Valley Hosp., Inc., 827 N.E.2d 50, 57 (Ind. Ct. App. 2005). Consequently, we are unable to consider J.W.'s affidavit.

After the Designee denied J.W.'s request for reinstatement on July 26, 2013, J.W. had eighteen days to file his appeal to the Review Board. However, from the record properly presented to us, J.W. did not file an appeal until October 9, 2013. Although we sympathize with J.W.'s plight, we conclude that the Review Board did not err when it dismissed J.W.'s appeal.

## Conclusion

The Review Board properly dismissed J.W.'s appeal as untimely. We affirm.

---

[1] J.W. also argues that he appealed the June 17, 2013 dismissal on the same day. We need not address that argument because we conclude that his appeal of the July 26, 2013 order was untimely.

Affirmed.

BAKER, J., and CRONE, J., concur.