Brian K. DOUGHTY, Appellant–
Claimant,

v.

REVIEW BOARD OF the DEPART-
MENT OF WORKFORCE DE-
VELOPMENT, Appellee,

and

Schwab Corporation, Appellee–
Employer.

No. 93A02–0206–EX–472.

Court of Appeals of Indiana.

March 7, 2003.

S. Rod Acchiardo, Tell City, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Janet L. Parsanko, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee Review Board of the Department of Workforce Development.

1. Doughty's wife did not work at Schwab but

## OPINION

BROOK, Chief Judge.

### Case Summary

Appellant-claimant Brian K. Doughty ("Doughty") appeals the determination of appellee Review Board of the Department of Workforce Development ("the Board") that appellee-employer Schwab Corporation ("Schwab") discharged him for just cause. We affirm.

### Issue

Doughty raises one issue for our review, which we restate as whether the Board's determination is contrary to law.

### Facts and Procedural History

On June 4, 1992, Doughty began working for Schwab in Cannelton, Indiana. On March 25, 2001, Doughty joined other employees in a strike. Approximately one month into the strike, Schwab notified the striking workers that if they failed to return to work, then Schwab would begin hiring replacement workers. Doughty did not return to work.

On April 27, 2001, Kathy Williams ("Williams") applied at Schwab for a job as a replacement worker. Williams and her four-year-old son left Schwab's facility for Owensboro, Kentucky, in a vehicle driven by Judy Mills ("Mills"). Doughty and his wife, who were picketing outside Schwab's facility, followed Mills's vehicle in a pickup truck.[1] Doughty drove while his wife sat in the passenger seat.

Approximately ten miles from Schwab's facility and after Mills had crossed into Kentucky, Doughty pulled alongside her vehicle. With the vehicles no more than a foot apart, Doughty's wife hung out her window, screamed, and gestured obscenely. Doughty's wife sprayed and then threw a Mountain Dew can at Mills's car

had joined her husband on the picket line.

before Doughty turned onto another road. Soon thereafter, Mills stopped at a gas station where she and Williams reported the incident to the Hancock County, Kentucky, Sheriff's Department.

Schwab subsequently hired Williams. On May 1, 2001, Williams reported for her first day of work. She recognized Doughty and his wife standing in the picket line outside Schwab's facility as the persons in the pickup truck. After her orientation session, Williams reported to Schwab Vice President of Engineering and Manufacturing Randy Engler that she had recognized Doughty and his wife.

On May 4, 2001, Schwab discharged Doughty for "misconduct." Tr. at 9. Schwab later explained to Doughty's union that he had been discharged specifically for violating a written company rule proscribing fighting or assaulting.[2] *See id.* at 9, 12. Doughty subsequently applied for unemployment benefits. On July 6, 2001, a deputy in the Evansville office of the Department of Workforce Development determined that Doughty "was not discharged for just cause" and was therefore eligible for full unemployment benefits. Board Ex. 6; *see also* Ind.Code § 22–4–15–1 (providing for reduced or suspended unemployment benefits if an employee was discharged for "just cause," which term "is defined to include . . . knowing violation of reasonable and uniformly enforced rule of an employer"). Schwab appealed the deputy's determination. On September 15, 2001, an administrative law judge ("ALJ") reversed the deputy's determination that Doughty had not been discharged for just cause. Doughty appealed the ALJ's determination to the Board. On January 14, 2002, the Board affirmed the ALJ's determination. Doughty now appeals.

**2.** Schwab's "Company Work Rules and Disciplinary Discharge Policy" provides in relevant part that "[t]he following shall be cause for

## Discussion and Decision

■ Doughty contends that the Board's determination that he was discharged for just cause is contrary to law. To evaluate this contention, we must review

both the sufficiency of the findings of fact to sustain the decision and the sufficiency of the evidence to support the findings of fact.

"Under this two-tier standard of review, the Review Board's 'finding of ultimate fact' is the conclusion, and the 'findings of basic facts' are the premises from which the Review Board deduced its conclusion."

"At the first level of review, we examine only the relationship between the premises and the conclusion and ask if the Board's deduction is 'reasonable.' The inquiry at this first level of review may be termed a 'question of law.'

At the second level of review, we inquire into the nexus between the premises or findings of basic facts and the evidence presented to determine if the evidence justified those findings."

When an employee is alleged to have been terminated for just cause, the employer bears the burden of proof to establish a prima facie showing of just cause for termination. If that has been done, the burden shifts to the employee to introduce competent evidence to rebut the employer's case.

Although our standard of review precludes reweighing the evidence, we must reverse if reasonable persons would be bound to reach a different result upon a consideration of the evidence from the perspective favoring the Board's decision.

immediate discharge: . . . . Fighting or assaulting." Employer Ex. 2.

*Hehr v. Review Bd. of Indiana Employment Sec. Div.*, 534 N.E.2d 1122, 1124–25 (Ind.Ct.App.1989) (citations omitted).

■■■■ As previously mentioned, Schwab discharged Doughty for knowingly violating a written rule against fighting or assaulting. "In order to establish a prima facie case for violation of an employer rule under [Indiana Code Section] 22–4–15–1(d)(2), the employer must demonstrate that the employee knowingly violated a reasonable and uniformly enforced rule." *McClain v. Indiana Dep't of Workforce Dev.*, 693 N.E.2d 1314, 1318 (Ind.1998). "[A]n employer's asserted work rule must be reduced to writing and introduced into evidence in order for us to fairly and reasonably evaluate a determination that an employee was justly discharged for a knowing violation of that rule. We believe that such is the minimum evidence necessary for the employer to satisfy its burden, by substantial evidence of probative value, that it has a rule and that that rule is reasonable and uniformly enforced." *Watterson v. Review Bd. of Indiana Dep't of Employment and Training Servs.*, 568 N.E.2d 1102, 1105 (Ind.Ct.App.1991).

On appeal, Doughty contends that Schwab failed to establish that he violated the rule against fighting or assaulting, that the rule applies to off-duty activity, and that it is uniformly enforced. We address each contention in turn.

### A. Rule Violation

■■■■ Doughty contends that Schwab failed to produce sufficient evidence that he drove the truck that pulled alongside Williams. Williams, however, positively identified him as the truck's driver. Doughty is asking us to reweigh the evidence, which we may not do. We conclude that there is sufficient evidence that Doughty drove the truck. Doughty further contends that "merely passing close

to another vehicle while traveling in the same direction on the road does not constitute an immediate threat of harm . . . sufficient to establish an assault." Appellant's Br. at 6–7. The record indicates that Doughty failed to make this argument at the administrative level. As such, he has waived the argument on appeal. *See Family Dev., Ltd. v. Steuben County Waste Watchers, Inc.*, 749 N.E.2d 1243, 1255 (Ind.Ct.App.2001).

### B. Application of Rule

■■■■ Doughty asserts that there is no indication that the rule against fighting or assaulting was intended to apply to off-duty or off-site activity and that the language of the rule should be strictly construed against Schwab as the drafter. Doughty offers neither cogent argument nor citation to authority in support of these assertions; the issue is therefore waived. *See Davenport v. State*, 734 N.E.2d 622, 623 (Ind.Ct.App.2000) ("Failure to put forth a cogent argument acts as waiver of the issue on appeal."), *trans. denied* (2001); *see also* Ind. Appellate Rule 46(A)(8)(a) ("The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on, in accordance with Rule 22.").

### C. Uniform Enforcement

■■■■ Doughty contends that "there is no evidence that this rule has been uniformly enforced in the context of the claimant's alleged actions away from the employer's property." Appellant's Br. at 4. Doughty failed to make this argument at the administrative level. As such, we may not ad-

dress the merits of Doughty's contention.[3]

Affirmed.

FRIEDLANDER, J., concurs.

MATTINGLY–MAY, J., dissents with opinion.

MATTINGLY–MAY, Judge, dissenting.

I believe Schwab's company rule against "fighting and assaulting" is too vague to sustain Doughty's discharge. A review of the various company rules included in the exhibits indicates the rules relate to conduct that takes place on the work premises. If we extend beyond the work premises the employer's prohibition against "fighting and assaulting," I believe we misapply our own precedent and open a Pandora's box. I must therefore respectfully dissent.

The asserted basis for Doughty's discharge is Schwab's rule prohibiting "fighting and assaulting." (Exhibits Volume 1, pg. 17.) These terms are not defined in the company's policy. It is implicit in the result the majority reaches, however, that this rule must purport to prohibit an employee from "fighting and assaulting" even when that employee is not at work, and to establish such off-the-job activity as cause for immediate discharge.

To establish a prima facie showing of just cause for termination the employer must show that the claimant knowingly violated a reasonable uniformly enforced rule. *Butler v. Review Bd. of Ind. Dept. of Employment and Training Servs.*, 633 N.E.2d 310, 312 (Ind.Ct.App.1994). To the extent Doughty's discharge was premised on his off-premises and off-the-job activities, I would hold the employer has not shown its rule was reasonable.

The only witness at the hearing as to the alleged "assault" was Kathy Williams. She testified:

Q. All right, so what happened at that time?

A. I had been to the Schwab plant to put in an application for employment. We left, we were going out 60 west heading towards Owensboro and Mr. Doughty and his wife in a red and white pick-up truck had come around us. She threw a "mountain dew" can at our car.

* * *

A. Um, they came around the semi and around us. His wife was hanging out the window screaming, giving us fingers. She jetted a "mountain dew" can at the windshield at the car, which the liquid went all over the windshield and the car. The[y] had made a turn on Highway 271 by Hancock County High School ... And then we went back to Haughsville and filed a complaint with the sheriff's department there....

(Tr. at 21–22.) She later testified that Doughty's car was within one foot of hers when Doughty's wife threw the Mountain Dew can.

It is apparent from our prior decisions addressing discharge for violation of an employer rule that the Schwab rule in the case before us should be interpreted to be limited to workplace fighting and assaults. In *Best Lock Corp. v. Review Bd.*, 572 N.E.2d 520, 523 (Ind.Ct.App.1991) we noted our prior holdings that

> a rule which regulates an employee's *on-duty activities* and which protects the interest of the employer is reasonable[;] ... when a rule purports to govern employees' off-duty activities, the conduct regulated must bear some relationship

**3.** Doughty challenges the uniform enforcement of the rule in the "Summary of Argument" section of his brief but fails to advance this contention in the "Argument" section.

with the employer's business interest in order for the rule to be considered reasonable.

(Emphasis in original.) We further noted:

A rule laid down by the employer governing off-duty conduct of his employees must have a reasonable relationship to the employer's interests in order that violation thereof will constitute misconduct barring eligibility for unemployment compensation benefits. The question of the reasonableness of such a rule is to be tested by the rule's relationship to the business interests of the employer *at the time of the making of the rule,* rather than at the time of the employee's violation thereof. A rule of this type may be regarded as reasonable where a violation is reasonably likely to harm the employer's business interest, even though the actual violation does not result in actual harm to the business interests of the employer.

*Id.* at 523–24 (quoting 76 Am.Jur.2d *Unemployment Compensation* § 57 (1975)) (emphasis in original).[4]

An employer has a stake in regulating an employee's on-the-job conduct. The employer may want to closely regulate his employee's actions while at work in order to maximize efficiency and assure safety of personnel. Accidents occur at work and the employer has an interest in minimizing those accidents for the sake of his employees as well as for the sake of his own liability insurance. However, the same interest does not always exist in regulating the employee's off-duty conduct. *Id.* at 524–25. Therefore, in order for an employer rule that regulates an employee's off-duty activity to be considered reasonable, the activity sought to be regulated must bear some reasonable relationship to the employer's business interest. *Id.* at 525.

While I do not condone "fighting or assaulting" on or off the job, it is not apparent that an employee's off-duty activities of that nature are reasonably related to Schwab's business interests.[5] Even though this incident was ill-considered on the part of Doughty and his wife, I do not believe it has the essential nexus to the workplace that Schwab's company policies, to be considered reasonable, must require. Accordingly, I must dissent from the majority's determination that Doughty was discharged for just cause because he violated a reasonable and uniformly enforced employer rule.

---

4. If Schwab had offered evidence that its rule was meant to apply to off-the-job and off-premises activities and that such a prohibition was related to its business interests, the rule would presumably be reasonable and Doughty's discharge would be for just cause. There was no such testimony or evidence offered below. At one point in the hearing, Doughty's union representative had the following exchange with Schwab's representative:

[Schwab]: That's a clear cut violation of the behavior and code.

[Union]: Unless it occurred on ... there's not even an allegation this occurred on company property.

[Schwab]: No but it initiated there in both cases and, uh, the people were stalked.

Women employees were stalked and assaulted.

5. The application of this principle is made more difficult in the case before us, where Doughty's off-duty actions were apparently motivated by a strike at the plant where he worked. However, as we noted in *Best Lock,* we look to the rule's relationship to the business interests of the employer *at the time of the making of the rule,* rather than at the time of the employee's violation thereof. There was no testimony as to Schwab's business interests at the time of the making of the policy.