Robert L. QUAKENBUSH,
Appellant–Defendant,

v.

REVIEW BOARD OF the INDIANA
DEPARTMENT OF WORKFORCE
DEVELOPMENT and Milestone Con-
tractors LLC, Appellees–Plaintiffs.

No. 93A02–0802–EX–93.

Court of Appeals of Indiana.

July 31, 2008.

Raymond L. Faust, Indianapolis, IN, Attorney for Appellant.

Stephen R. Carter, Attorney General of Indiana, Frances H. Barrow, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellees.

## OPINION

SHARPNACK, Senior Judge.

### STATEMENT OF THE CASE

Appellant Robert L. Quakenbush ("Quakenbush") appeals the "Notice of Dismissal" issued by the Appellee Indiana Unemployment Insurance Review Board ("Review Board") of the Department of Workforce Development ("DWD").

We reverse the Review Board's dismissal and remand to the Review Board for proceedings consistent with this opinion.

### ISSUE

Quakenbush presents the following issue for our review: whether the Unemployment Insurance Review Board correctly dismissed as untimely Quakenbush's appeal from a decision of an Administrative Law Judge ("ALJ").

### FACTS AND PROCEDURAL HISTORY

Quakenbush was dismissed from his employment with Milestone Contractors, LLC, and made a claim for unemployment benefits. The DWD sent Quakenbush an adverse determination of eligibility, which was issued on September 20, 2007. Quakenbush attempted to appeal that adverse determination to an ALJ. In a "Notice of Dismissal" mailed on November 7, 2007, the ALJ dismissed Quakenbush's appeal concluding that it was untimely filed. The ALJ found that on October 24, 2007, Quakenbush attempted to file an appeal of the adverse determination made on September 20, 2007, but that attempt was untimely as it was due thirteen days after the date of the mailing of the determination. The notice contained instructions to mail any appeal of that determination to: "Department of Workforce Development UI Review Board, 325 W. Washington Street, Indianapolis, Indiana 46204, or by fax at (317) 233–3348." Appellant's App. p. 8. By statute, Quakenbush had eighteen days from the date of the mailing of that notice in which to appeal the dismissal of his appeal.

On November 15, 2007, Quakenbush faxed a letter to the DWD objecting to the decision of the ALJ to dismiss his appeal. However, Quakenbush faxed the letter addressed to the "IN DWD Unemployment Insurance Appeals, 311 W. Washington Street Suite 101, Indianapolis, IN 46204, Attn: Patricia, (317) 233–6888." The letter makes reference to a conversation with a "Patricia" on November 14, 2007.

On December 18, 2007, Quakenbush faxed to the DWD another letter, sent to the attention of an "Erin" to the fax number (317) 233–3348. Appellant's App. p. 8. The address on the letter that was faxed was "IN DWD Unemployment Insurance Appeals, 311 W. Washington St. Suite 101, Indianapolis, IN 46204, Attn: Erin." Appellant's App. p. 8. The letter made reference to a prior conversation with "Patricia" on November 14, 2007, and contained as attachments a copy of a fax cover sheet time stamped November 15, 2007, a letter to Patricia dated November 15, 2007, an express mail tracking receipt, a sales slip dated September 27, 2007 for the express mail with a label number. Also attached was a tracking confirmation showing that the label number purchased on September 27, 2007, had been delivered in Indianapolis, on September 28, 2007.

Only the December 18, 2007 letter is file-marked "received" by the Department

of Workforce Development. Consequently, the Review Board treated the appeal of the dismissal of Quakenbush's appeal from the ALJ as filed on December 18, 2007. On January 15, 2008, the Review Board issued its decision dismissing Quakenbush's appeal from the ALJ's notice of dismissal as untimely. This appeal ensued.

## DISCUSSION AND DECISION

■ The Indiana Unemployment Compensation Act provides that any decision of the review board shall be conclusive and binding as to all questions of fact. Ind.Code § 22–4–17–12(a). Review Board decisions may, however, be challenged as contrary to law, in which case the reviewing court examines the sufficiency of the facts found to sustain the decision and the sufficiency of the evidence to sustain the findings of facts. Ind.Code § 22–4–17–12(f). Under this standard, we review determinations of specific or basic underlying facts, conclusions or inferences drawn from those facts, and legal conclusions. *McClain v. Review Bd. of the Ind. Dep't of Workforce Dev.*, 693 N.E.2d 1314, 1317 (Ind.1998).

■ When reviewing a decision by the Review Board, our task is to determine whether the decision is reasonable in light of its findings. *Abdirizak v. Review Bd. of Dept. of Workforce Development*, 826 N.E.2d 148, 150 (Ind.Ct.App.2005). Our review of the Review Board's findings is subject to a "substantial evidence" standard of review. *Id.* In this analysis, we neither reweigh the evidence nor assess witness credibility, and we consider only the evidence most favorable to the Review Board's findings. *Id.* Further, we will reverse the decision only if there is no substantial evidence to support the Review Board's findings. *Id.*

■ The Indiana Employment Security Act ("the Act"), Ind.Code § 22–4–17–1 *et seq.*, is given a liberal construction in favor of employees. *Id.* It merits such a construction because it is social legislation with underlying humanitarian purposes. *Id.* The Act provides that parties to a disputed claim for unemployment benefits are to be afforded a reasonable opportunity for a fair hearing. Ind.Code § 22–4–17–3. However, Quakenbush has not received a fair hearing of his appeal, in spite of substantial efforts on his part to obtain one.

■ The State correctly notes that we previously have held that a claimant's untimely appeal to the Review Board was properly dismissed because the Review Board did not obtain jurisdiction over the appeal. *See Szymanski v. Review Bd. of Dept. of Workforce Development*, 656 N.E.2d 290, 293 (Ind.Ct.App.1995). Indeed, it is well settled that when a statute contains a requirement that an appeal or notice of the intention to appeal shall be filed within a certain time, strict compliance with the requirement is a condition precedent to the acquiring of jurisdiction, and non-compliance with the requirement results in dismissal of the appeal. *Id.* In *Szymanski*, there was no question that the claimant admittedly filed his appeal of the adverse determination well beyond the statutorily prescribed time limit. The evidence in this record indicates at the very least that Quakenbush made legitimate efforts within the appropriate time limits to notify the Review Board of his intent to appeal.

We held in *Abdirizak*, and *Carter v. Review Bd. of Dept. of Employment and Training Services*, 526 N.E.2d 717 (Ind.Ct.App.1988), that where there is a factual dispute concerning the sending and receipt of notice of a hearing, the matter should be remanded for an evidentiary hearing to

resolve the factual dispute. *Abdirizak,* 826 N.E.2d at 151; *Carter,* 526 N.E.2d at 719. This result is necessary in order to afford the claimants an opportunity to be heard, as is mandated by the doctrine of procedural due process. The same result should have obtained here.

The Review Board contends that the dismissal of Quakenbush's appeal attempt is proper, even when the attempt was seemingly timely sent, if sent to the wrong fax number or address within the divisions of the Indiana Department of Workforce Development. Quakenbush submits documentation showing that he faxed a letter, to the attention of "Patricia" on November 15, 2007, to a different fax number than is listed on his determination notice. Quakenbush argues that Patricia told him which fax number to use, and that his appeal was timely filed. The Review Board argues that misinformation provided by a government employee should not be a basis for estoppel, especially in situations where the other party had access to the correct information. *See DenniStarr Environmental, Inc. v. Indiana Dep't. of Environmental Mgmt.,* 741 N.E.2d 1284, 1289–90 (Ind.Ct. App.2001).

The determination by the Review Board that Quakenbush's December 18, 2007, filing is untimely is a legal conclusion which we may question. We turn to the requirements of Ind.Code § 22–4–17–3 to resolve this issue. The statute reads as follows:

Unless such request for hearing is withdrawn, an administrative law judge, after affording the parties a reasonable opportunity for fair hearing, shall affirm, modify, or reverse the findings of fact and decision of the deputy. The parties shall be duly notified of such decision and the reasons therefor, which shall be deemed to be the final decision of the review board, unless within fifteen (15) days after the date of notification or mailing of such decision, an appeal is taken by the commissioner or by any party adversely affected by such decision to the review board.

The statute provides in relevant part that an appeal be taken by the party adversely affected by the decision of the ALJ within fifteen days after the date of notification or mailing of such decision. That decision was mailed to Quakenbush on November 7, 2007, and he faxed his notice of appeal to the Indiana Department of Workforce Development on November 15, 2007. Quakenbush did all that was required of him by statute in order to timely initiate the appeal of the ALJ's dismissal of his appeal. Submitting the notice of appeal to a particular subdivision of the entity known as the Indiana Department of Workforce Development is not a statutory requirement.

We first note that the Review Board treated the content of Quakenbush's December 18, 2007, fax as an appeal. The dismissal decision was based upon a finding that the appeal was untimely, and not upon a finding of a deficiency in the form of the appeal.

The Review Board file-marked as "received" the December 18, 2007, fax transmittal by Quakenbush, and relies upon that date to conclude that his appeal was not timely filed. Implicit in the decision of the Review Board is that the November 15, 2007, fax transmittal by Quakenbush to the Appellate Division of the Department of Workforce Development was not "filed" for purposes of initiating his appeal of the ALJ's decision. We conclude that the Review Board erred by dismissing Quakenbush's appeal, and should have proceeded to the merits of Quakenbush's appeal. In a situation such as this, where papers clearly challenging the decision of the ALJ are sent to the Appellate Division rather than the Review Board, those papers constitute an appeal from the ALJ's decision.

If those papers are sent timely, as they were here, the Review Board may not dismiss the appeal as untimely. The DWD may not take advantage of its size and compartmentalization to frustrate this appeal because it was sent to the "wrong" subdivision of the larger entity.

*CONCLUSION*

We conclude that the Review Board erred by dismissing Quakenbush's appeal of the ALJ's dismissal of his appeal from the adverse decision regarding his eligibility for unemployment benefits. The fax sent to the Indiana Department of Workforce Development was sufficient to timely initiate an appeal.

Reversed and remanded.

DARDEN, J., and BROWN, J., concur.