**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 30 2012, 9:37 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TIMOTHY J. VRANA**
Timothy J. Vrana LLC
Columbus, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**FRANCES BARROW**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| K.J., | ) | |
| | ) | |
| Appellant-Claimant, | ) | |
| | ) | |
| vs. | ) | No. 93A02-1106-EX-634 |
| | ) | |
| REVIEW BOARD OF THE INDIANA | ) | |
| DEPARTMENT OF WORKFORCE | ) | |
| DEVELOPMENT and T.N.V.A.H., | ) | |
| | ) | |
| Appellees. | ) | |

APPEAL FROM THE REVIEW BOARD OF
INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT
Review Board No. 11-R-2445

**March 30, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

K.J.[1] appeals the Review Board's decision to deny her unemployment benefits. We affirm.

## FACTS AND PROCEDURAL HISTORY

On June 29, 2010, K.J. began working for T.N.V.A.H. as a part-time veterinary assistant. She worked twenty to thirty hours a week, and her job duties included "answering phones, helping customers, and assisting with animals." (App. at 3.) Dr. B., the owner of the T.N.V.A.H., knew K.J. "only had remedial skills as far as veterinary medicine is concerned," and hired her because "everybody needs that first opportunity." (Tr. at 15.)

In August 2010, K.J. and Dr. B. met to discuss K.J.'s performance on the job. Dr. B. alerted K.J. to several areas that needed improvement, but K.J.'s performance did not improve as time went on. Dr. B. indicated she would often tell K.J. the same information

---

[1] The concurring opinion relies on *Recker v. Review Bd. of Ind. Dep't of Workforce Dev*., 958 N.E.2d 1136, 1139 n.4 (Ind. 2011), in concluding we should use the full names of the parties in this appeal. In *Recker*, our Indiana Supreme Court read Ind. Code § 22-4-19-6(b) and Ind. Administrative Rule 9(G) to require the use of initials to identify the parties in court proceedings open to the public involving the Department of Workforce Development only when one of the parties has made an affirmative request for the confidentiality of that information. However, we note Admin. R. 9(G)(1.2) reads, in its entirety:

> During court proceedings that are open to the public, when information in case records that is excluded from public access pursuant to this rule is admitted into evidence, the information shall remain excluded from public access only if a party or a person affected by the release of the information, prior to or contemporaneously with its introduction into evidence, affirmatively requests that the information remain excluded from public access.

As an appellate court, we do not conduct trials or evidentiary hearings and thus we do not admit information in the record "into evidence." Therefore, we do not see how Admin. R. 9(G)(1.2) can be used at the appellate level to justify the disclosure of the parties' identities in unemployment cases on appeal.

In addition, in the more recent case of *Chrysler Group, LLC v. Review Bd. of Ind. Dep't of Workforce Dev*., 960 N.E.2d 118, 121 n.1 (Ind. 2012), our Indiana Supreme Court elected to identify the individual claimant by initials, while deciding to identify the employer in that case by name. Absent amendment of the relevant provisions of Admin. R. 9 by our Indiana Supreme Court, we will adhere to the complete language of the rule and continue to use initials in unemployment cases.

multiple times, only to have K.J. ask a question as if she had not received the information previously. K.J. and Dr. B. both testified to an incident in which K.J. almost sent a customer home with the wrong kind of insulin for an animal, and Dr. B. reprimanded K.J. in front of that customer.

K.J. was given a written disciplinary notice for misfiling a check that should have been deposited. K.J. was also verbally disciplined for neglecting to help Dr. B. with an animal. On one occasion K.J. asked Dr. B. if a diabetic cat would need insulin while being boarded at the T.N.V.A.H., and Dr. B. responded, "Why wouldn't he?" (App. at 4.)

Finally, Dr. B. testified she repeatedly had told K.J. where the bathroom key was, and when K.J. asked again about its location, Dr. B. told her to try to remember. The Review Board noted, "[K.J.] erroneously believed that she would not be allowed to use the restroom until she remembered where the key was. The facility had another restroom that [K.J.] could have used." (*Id*.)

K.J. voluntarily terminated her employment on October 25, 2010, and her last day was November 6. K.J. filed for unemployment and was denied compensation. K.J. appealed the initial determination, and an Administrative Law Judge (ALJ) reversed the decision to deny K.J. compensation, finding K.J. left employment because she "reasonably believed that she was being mentally abused." (*Id*. at 3.) T.N.V.A.H. appealed, and the Review Board reversed the ALJ's decision, finding K.J. "voluntarily left the employment without good cause in connection with the work." (*Id*. at 4.)

3

**DISCUSSION AND DECISION**

Our standard of review regarding the Review Board's decision to grant or deny unemployment benefits is well-settled:

> When reviewing a decision by the Review Board, our task is to determine whether the decision is reasonable in light of its findings. Our review of the Review Board's findings is subject to a "substantial evidence" standard of review. In this analysis, we neither reweigh the evidence nor assess witness credibility, and we consider only the evidence most favorable to the Review Board's findings. Further, we will reverse the decision only if there is no substantial evidence to support the Review Board's findings.

*Quakenbush v. Review Bd. of Ind. Dep't of Workforce Dev.*, 891 N.E.2d 1051, 1054 (Ind. Ct. App. 2008) (citation omitted).

When an individual voluntarily leaves her employment "without good cause in connection with the work," she may not receive unemployment compensation benefits. Ind.Code § 22–4–15–1(a). Whether an employee leaves her employment without good cause in connection with the work is a question of fact to be determined by the Review Board. *Indianapolis Osteopathic Hosp. Inc. v. Jones*, 669 N.E.2d 431, 433 (Ind. Ct. App. 1996). The claimant has the burden to show that she voluntarily left employment for good cause in connection with the work. *Id.* She must show that the reasons for leaving the employment were "objectively related to the employment" and would "impel a reasonably prudent person" to behave likewise. *Id.* "Good cause" does not include "purely personal and subjective reasons which are unique to the employee." *Geckler v. Review Bd.*, 244 Ind. 473, 477-78, 193 N.E.2d 357, 359 (1963).

4

The Review Board found:

> [K.J.] voluntarily left the employment without good cause in connection with the work. [K.J.]'s issues regarding self-confidence and low self-esteem are not related to the employment. [K.J.] was overly sensitive to [Dr.B's] corrections. A reasonably prudent person would not have left the employment for the reasons offered by [K.J.].

(App. at 4.) K.J. does not dispute the findings of fact that underlie this ultimate finding, and both parties agree the employer reprimanded K.J. and discussed with K.J. that her work performance needed to improve. K.J. argues the Review Board erred because a reasonably prudent person in her situation *would* have voluntarily terminated employment. Her argument is an invitation to reweigh the evidence, which we cannot do. *See Quakenbush*, 891 N.E.2d at 1054 (appellate court may not reweigh the evidence presented to Review Board). Accordingly, we affirm the decision of the Review Board.

Affirmed.

CRONE, J., concurs.

BROWN, J., concurs with separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| K.J., | ) | |
| | ) | |
| Appellant-Claimant, | ) | |
| | ) | |
| vs. | ) | No. 93A02-1106-EX-634 |
| | ) | |
| REVIEW BOARD OF THE INDIANA | ) | |
| DEPARTMENT OF WORKFORCE | ) | |
| DEVELOPMENT and T.N.V.A.H. | ) | |
| | ) | |
| Appellees. | ) | |

**BROWN, Judge, concurring.**

I fully concur in the majority's reasoning and result, but I write separately to express my disagreement with the panel's use of initials to identify the Appellant-Claimant. The Indiana Supreme Court recently examined the applicability of the confidentiality requirements prescribed in Ind. Code § 22-4-19-6(b) to judicial proceedings in <u>Recker v. Review Bd. of Ind. Dep't of Workforce Dev.</u>, 958 N.E.2d 1136, 1139 n.4 (Ind. 2011). In <u>Recker</u>, the Court noted that, although the decisions of the ALJ and the Review Board "were each expressly labeled as a 'Confidential Record' pursuant to Indiana Code Section 22-4-19-6," the "Appellant's Appendix filed by the employee was not so labeled, and it disclosed her full name." 958 N.E.2d at 1139 n.4. Although the claimant was identified only by her

initials in the briefs, the briefs revealed the identity of Recker's employer.  Id.  After reciting

these facts, the Court stated:

> Neither the claimant, the employer, nor the Review Board, made any affirmative request pursuant to Administrative Rule 9(G)(1.2)[2] to continue the exclusion from public access the identities and information confidential under the statute and rule.  Pursuant to Administrative Rule 9(G)(1.2), in light of the absence of an affirmative request for continued confidentiality of the identities of the employee and the employing entity, we fully identify the parties.

Id.

Here, similar to Recker, although the decisions of the ALJ and the Review Board were

identified as a Confidential Record pursuant to Indiana Code Section 22-4-19-6, the

Appellant-Claimant used her full name both on the cover page and throughout the body of

both her appellant and reply briefs, as well as on the cover of her appellant's appendix.  Also,

her briefs identified the full name of the employer in the matter.  Accordingly, pursuant to the

Indiana Supreme Court's dictates in Recker and in light of the absence of an affirmative

request for continued confidentiality of the identities of the employee and employing entity, I

would fully identify the parties.

---

[2] The Court in Recker noted that Ind. Code § 22-4-19-6(b)'s confidentiality requirement "is expressly implemented as to judicial proceedings by Indiana Administrative Rule 9(G)(1)(b)(xviii)."  958 N.E.2d at 1139 n.4.  The Court also stated:

> The rule further provides, however, that when information excluded from public access is presented in court proceedings open to the public, "the information shall remain excluded from public access *only* if a party or a person affected by the release of the information, prior to or contemporaneously with its introduction into evidence, affirmatively requests that the information remain excluded from public access."  Adm. R. 9(G)(1.2) (emphasis added).

Id.

Moreover, I do not read note 1 in <u>Chrysler Grp., LLC v. Review Bd. of Ind. Dep't of Workforce Dev.</u>, 960 N.E.2d 118 (Ind. 2012), as lessening the import of the Court's statements in <u>Recker</u>.[3]  The Court in <u>Chrysler</u> merely highlighted that, although Ind. Code § 22-4-19-6 was applicable to the claimants including Chrysler, the briefs and counsel at oral argument identified Chrysler by its full name, and it noted that although there was "little merit" in concealing Chrysler's identity, it would "continue to identify the individual claimants–if necessary to name them–by their initials."  <u>Chrysler</u>, 960 N.E.2d at 121 n.1.  Also, the Court in <u>Chrysler</u> did not note whether a request was made for continued confidentiality of the identities of the parties.

For these reasons I would identify by full names the Appellant-Claimant and the employer herein.

---

[3] I note that the <u>Recker</u> decision was issued only three weeks prior to the Court's decision in <u>Chrysler</u>.