Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**MICHAEL D. HEAD**
Geiger, Conrad, & Head, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELIZABETH ROGERS**
Deputy Attorney General
Indianapolis, Indiana



FILED
Mar 14 2013, 9:19 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SHERRI A. CORNEJO, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | No. 93A02-1210-EX-786 |
| REVIEW BOARD OF THE | ) | |
| INDIANA DEPARTMENT OF | ) | |
| WORKFORCE DEVELOPMENT and | ) | |
| HOUCHENS FOOD GROUP, INC., | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE REVIEW BOARD of the
INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT
Case No. 12-R-02903

**March 14, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Sherri Cornejo[1] ("Cornejo") appeals the Review Board of the Department of Workforce Development's ("the Board") decision that she was ineligible for unemployment insurance benefits because she was terminated from her employment with Houchens Food Group, Inc. for just cause. Cornejo argues that the Board's determination that Cornejo was terminated for just cause was unreasonable.

We affirm.

**Facts and Procedural History**

The facts most favorable to the Board's determination are as follows. Cornejo was employed as a clerk at a retail grocery store owned by Houchens Food Group, Inc. ("Houchens"). Tr. p. 10. Cornejo's job responsibilities included checking in delivered merchandise brought to the store by vendors and entering the invoices from the vendor into the computer. The store was facing problems with loss of inventory, which is commonly referred to in the industry as "shrink loss[;]" therefore, in late January or early February 2012, new store manager Shane Hamilton ("Hamilton") informed employees that they needed to physically check the merchandise on the delivery truck to help reduce the shrink loss.

On February 7, 2012 and again on February 20-21, 2012, multiple vendors brought merchandise into the store, and Cornejo signed the vendors' tickets but did not physically check the merchandise to confirm the correct amount had been delivered. As a result, on March 6, 2012, Houchens terminated Cornejo's employment.

---

[1] As our supreme court noted in J.M. v. Review Bd. of Indiana Dept. of Workforce Dev., we will keep the parties confidential only if they make "an affirmative request . . . for confidentiality." 975 N.E.2d 1283, 1285 n.1 (Ind. 2012).

On June 20, 2012, a Department of Workforce Development claims deputy determined that Cornejo was not discharged for just cause, because the employer failed to establish that Cornejo's actions were a deliberate disregard of the employer's best interest and failed to establish that Cornejo was aware her job was in jeopardy. Therefore, the claims deputy determined that Cornejo was eligible for unemployment insurance benefits. Houchens appealed the judgment on July 3, 2012 and a hearing was held before an Administrative Law Judge ("ALJ") on July 31, 2012 on the matter.

Shortly thereafter, on August 1, 2012, the ALJ issued a decision reversing the claims deputy's decision that Cornejo was eligible for unemployment benefits. The Board affirmed the ALJ's decision and adopted the ALJ's findings of fact and conclusions of law on September 4, 2012. Appellant's App. p. 2. The ALJ's decision, which was adopted by the Board, provided:

> Findings of Fact: The employer is a retail grocery business. The claimant worked as a DSD clerk. The claimant began employment on June 2, 2008, when the claimant's previous employer sold the business to the current employer. The claimant separated from employment on March 6, 2012.
>
> The employer has a policy that defines unacceptable conduct as the failure to comply with company procedures. One procedure requires employees to make sure that merchandise brought into the store matches the store's documentation. The employer had a large amount of shrink loss because of employees not verifying merchandise brought into the store. Shane Hamilton, Store Manager, went to the store in late January and early February to determine what caused the shrink loss. Several factors led to the shrink loss, including the failure of employees to check merchandise brought into the store by vendors. Shane Hamilton reviewed videotape of the claimant. The videotape showed that the claimant failed to verify that the merchandise brought into the store by the vendors matched the merchandise listed on the invoice slips. The claimant signed the invoice slips without individually checking the merchandise. The claimant

3

received a prior written warning on May 24, 2010 for failing to check merchandise brought into the store by vendors.

Other employees also failed to check merchandise brought into the store on the trucks. The employer did not discharge these employees. The previous managers told the employees that they did not need to check the merchandise on the trucks. Shane Hamilton informed the employees that they needed to check the merchandise on the trucks. The employees complied with his instructions.

The Administrative Law Judge finds that the claimant knew that she needed to check all of the merchandise brought into the store, unlike the other employees, and that she failed to do so.

Conclusions of Law: The employer's policy is not a rule because it is not capable of uniform enforcement. The policy is a guideline. The employer discharged the claimant for failing to comply with the guideline regarding employees verifying merchandise brought into the store.

In matters involving discharge, an employer bears the burden of establishing a prima facie showing of just cause for termination. Owen County v. Indiana Dep't of Workforce Dev., 861 N.E.2d 1282, 1291 (Ind. Ct. App. 2007). Under Ind. Code § 22-4-15-1(d)(9), the definition of discharge for just cause includes "any breach of duty in connection with work which is reasonably owed an employer by an employee." It is well established that an employee owes certain reasonably understood duties to his or her employer. McHugh v. Review Bd. of Ind. Dep't of Workforce Dev., 842 N.E.2d 436, 441 (Ind. Ct. App. 2006). The nature of an understood duty owed to the employer must be such that a reasonable employee of that employer would understand that the conduct in question was a violation of a duty owed to the employer and that he or she would be subject to discharge for engaging in such activity or behavior. Id. See also 646 IAC 5-8-6(a).

The claimant was a DSD clerk. The claimant was responsible for verifying that the merchandise brought into the store matched the merchandise listed on the invoice slip. A reasonable employee would understand that failure to perform this task would constitute a violation of the duty owed to the employer and that she would be subject to discharge for failing to perform the task.

Even though other employees also failed to perform this task, these employees can be distinguished from the claimant. Previous supervisors

4

specifically told the other employees that they did not need to check the trucks. Alternatively, the employer previously disciplined the claimant for failing to perform this task.

The claimant's failure to check the merchandise brought into the store is indicative of an intentional or substantial disregard for the employer's interests. "A breach of duty reasonably owed to an employer includes conduct, which establishes that the claimant demonstrated an intentional or substantial disregard for the employer's interest." 646 IAC 5-8-6(b)(4)

Therefore, the Administrative Law Judge concludes that the claimant breached a duty owed to the employer. The employer discharged the claimant for just cause as defined by Ind. Code § 22-4-15-1.

Appellant's App. pp. 7-8. Cornejo now appeals.

**Discussion and Decision**

Cornejo appeals the Board's denial of her unemployment benefits, which is governed by the Indiana Unemployment Compensation Act ("the Act"). Our standard of review on appeals of the Board's decision is threefold: "(1) findings of basic fact are reviewed for substantial evidence; (2) findings of mixed questions of law and fact—ultimate facts—are reviewed for reasonableness; and (3) legal propositions are reviewed for correctness." Recker v. Review Bd. of Ind. Dep't of Workforce Dev., 958 N.E.2d 1136, 1139 (Ind. 2011) (citing McClain v. Review Bd. of Ind. Dep't of Workforce Dev., 693 N.E.2d 1314, 1318 (Ind.1998)). "Ultimate facts are facts that 'involve an inference or deduction based on the findings of basic fact.'" Id. (quoting McClain, 693 N.E.2d at 1317). We do not "reweigh the evidence nor assess witness credibility, and we consider only the evidence most favorable to the Review Board's findings." Quakenbush v. Review Bd. of Ind. Dep't of Workforce Dev., 891 N.E.2d 1051, 1053 (Ind. Ct. App.

2008). We will reverse the Board's decision "only if there is no substantial evidence to support the Board's findings." Id.

Under the Act, an individual is disqualified for unemployment benefits if he or she is discharged for "just cause." Ind. Code § 22-4-15-1(a). Indiana Code section 22-4-15-1(d) "delineates nine non-exclusive scenarios" that may be considered "'[d]ischarge for just cause[.]'" Seabrook Dieckmann & Naville, Inc. v. Review Bd. of Indiana Dept. of Workforce Dev., 973 N.E.2d 647, 650 (Ind. Ct. App. 2012). An employer bears the initial burden of establishing that an employee was terminated for just cause. Doughty v. Review Bd. of Dep't of Workforce Dev., 784 N.E.2d 524, 526 (Ind.Ct.App.2003). Once the employer meets this burden, the burden shifts to the employee to introduce competent evidence to rebut the employer's case. Id.

Here, the Board concluded that Cornejo was discharged for just cause under Indiana Code section 22-4-15-1(d)(9),[2] which provides that discharge for just cause may include "any breach of duty in connection with work which is reasonably owed an employer by an employee." The "breach of duty" ground for a "just cause discharge does not explicitly condition a claimant's ineligibility on a requirement that the breach of duty must have been knowing, willful, or intentional." Seabrook Dieckmann & Naville, Inc., 973 N.E.2d at 650 (citing Recker, 958 N.E.2d at 1140). This ground "for just [cause] discharge is an amorphous one, without clearly ascertainable limits or definition, and

---

[2] We are not confined to the statutory ground for discharge set forth by the Board; however, since we ultimately conclude that this ground supports the Board's conclusion, we need not address whether other grounds for discharge are applicable. J.M. v. Review Bd. of Indiana Dept. of Workforce Dev., 975 N.E.2d 1283, 1289 (Ind. 2012).

6

with few rules governing its utilization." Id. at 650-51 (internal quotation marks and citations omitted).

We have held that an employee owes certain reasonably understood duties to his or her employer. McHugh v. Review Bd. of Ind. Dep't of Workforce Dev., 842 N.E.2d 436, 441 (Ind. Ct. App. 2006). "The nature of an understood duty owed to the employer must be such that a reasonable employee of that employer would understand that the conduct in question was a violation of a duty owed to the employer and that she would be subject to discharge for engaging in such activity or behavior." Id.

## I. Basic Facts

Cornejo argues there was insufficient evidence to support the Board's finding that Houchens "has a policy that defines unacceptable conduct as the failure to comply with company procedures" and that one such procedure "requires employees to make sure that merchandise brought into the store matches the store's documentation." Appellant's App. p. 7. However, Human Resource Assistant George McFarland ("McFarland") testified that the policy was in the employee handbook and that one of Houchen's procedures is "to make sure that all merchandise is accounted for when it is brought into the store."[3] Tr. p. 7. Moreover, Cornejo herself testified that she understood that she was

---

[3] Cornejo asserts that the policy should have been provided in writing in order for it to be considered by the Board. Stanrail Corp. v. Review Bd. of Dept. of Workforce Dev., 735 N.E.2d 1197, 1205 (Ind. Ct. App. 2000) ("An employer's asserted work rule must be reduced to writing and introduced into evidence to enable this court to fairly and reasonably review the determination that an employee was discharged for "just cause" for the knowing violation of a rule."). However, in Stanrail we considered a "knowing violation of a reasonable and uniformly enforced rule of an employer." Id. (citing I.C. § 22-4-15-1(d)(2)). Whereas, here, the Board noted that Houchen's policy "is not a rule" but rather the "policy is a guideline[,]" and Cornejo was discharged for a work-related breach of duty, addressed by Indiana Code section 22-4-15-1(d)(9). Appellant's App. p. 8. Thus, because Houchens did not allege that Cornejo violated a reasonable and uniformly enforced rule, there was no written rule for Houchens to introduce.

to physically check merchandise brought into the store. Tr. p. 10. Thus, evidence supports the Board's finding that Houchens had a procedure or guideline that required employees to physically check merchandise was supported by sufficient evidence.

Cornejo also argues that the Board erred by adopting the ALJ's finding that she was previously warned about the conduct for which she was later terminated. Specifically, Cornejo argues that the warning was in regard to her failure to record invoices, not the failure to physically check in delivered merchandise. However, McFarland testified that Cornejo previously received a written warning in May 24, 2010 for failure to check "merchandise that was brought into the store[,]" which was the same infraction for which she was discharged. Tr. p. 5. McFarland further testified that the May 24, 2010 written warning was the result of the accounting department discovering that $7,000 of invoices had been billed to the company but the merchandise had never been checked. Id. Moreover, despite Cornejo's assertions that she should not have received the written warning because the "invoices were solely my manager's responsibility[,]" she signed the written warning indicating that the conduct at issue had occurred. Tr. p. 11, 13. Cornejo's argument is little more than an invitation to reweigh the evidence or judge the credibility of the witnesses, which we will not do on appeal. Quakenbush, 891 N.E.2d at 1053.

## II. Ultimate Facts

Because we have found that the Board's findings of fact were supported by substantial evidence, we must now examine whether the Board's findings of fact reasonably support its conclusions. The ALJ concluded that Cornejo "was responsible

8

for verifying that the merchandise brought into the store matched the merchandise listed on the invoice slip" and that "[a] reasonable employee would understand that failure to perform this task would constitute a violation of the duty owed to the employer and that she would be subject to discharge for failing to perform the task." Tr. p. 10.

Cornejo first challenges the Board's conclusion that a reasonable employee would understand that failing to physically check the merchandise was a violation of a duty owed to Houchens. The Indiana Administrative Code defines a breach of duty reasonably owed to an employer, in relevant part, as "conduct which establishes that the claimant: . . . (3) chose a course of action that the claimant knew, or should have known, would negatively impact the employer's financial interests; (4) demonstrated an intentional or substantial disregard for the employer's interests . . . ." 646 Ind. Admin. Code 5–8–6(b).

Cornejo's testimony, as follows, which was given during the hearing on July 31, 2012, clearly displayed that Cornejo knew and understood that she was supposed to physically check the merchandise, but she did not always do so.

> [ALJ]: Did you understand that you were to physically check merchandise brought into the store by vendors?
>
> [Cornejo]: Yes, ma'am.
>
> [ALJ]: Did you check the merchandise that was brought in by the vendors?
>
> [Cornejo]: Not all of it . . .

Tr. p. 10. Moreover, Hamilton reviewed video of the store and observed that on February 7, 2012, three different vendors brought merchandise into the store, and Cornejo signed

9

off on the merchandise but never physically checked the merchandise. On February 20-21, 2012, additional vendors brought merchandise into the store, but Cornejo again failed to physically check all the merchandise. Tr. p. 19. Cornejo also did not deny that she failed to check the merchandise on these occasions. Tr. p. 14. Thus, based on the record and the Board's findings, it was reasonable for the Board to conclude that Cornejo had the duty to physically check the merchandise and that Cornejo chose a course of action that she knew would negatively impact the employer's financial interest and that also demonstrated an intentional or substantial disregard for Houchens' interest.

Next, Cornejo challenges whether a reasonable employee would expect to be terminated for engaging in said conduct. Cornejo argues that because other Houchens' employees were not terminated for failing to check the merchandise, Cornejo could not expect to be terminated. However, the Board clearly distinguished Cornejo's actions from the other employees by noting that the other employees did not initially know they needed to check the merchandise but once they knew, they complied; whereas, Cornejo knew to check the merchandise and failed to do so. Appellant's App. p. 8.

On appeal "we consider only the evidence most favorable to the Board's findings." Quakenbush, 891 N.E.2d at 1053. Here, the record reflects that Hamilton informed employees at the end of January 2012 that they needed to count merchandise.[4] Hamilton testified that Cornejo was the only employee he observed "not doing her job." Tr. p. 18. Moreover, because Cornejo had received a prior warning for failing to check

---

[4] Cornejo argues that she was never informed of Houchen's procedure in this regard; however, evidence in the record points to the contrary, including Cornejo's own testimony that she understood she was to physically check merchandise brought into the stores by vendors. Tr. p. 7, 10, and 17. This is an invitation to reweigh the evidence, which we will not do on appeal. Quakenbush, 891 N.E.2d at 1053.

the merchandise, <u>see</u> <u>supra</u> Section I, the Board's determination that a reasonable employee would expect to be terminated for engaging in the conduct was reasonable.[5]

## Conclusion

We hold that the Board's findings of fact were supported by substantial evidence and that from these findings the Board could have reasonably determined that Cornejo was discharged for just cause for breaching a duty owed to Houchens.

Affirmed.

KIRSCH, J., and CRONE, J., concur.

---

[5] Cornejo also asserts that there was a "substantial delay" in terminating Cornejo's employment and that the substantial delay indicated that the misconduct did not rise to the level constituting just cause for termination. However, Cornejo has waived this argument on appeal because she cites no authority for this proposition. Ind. App. Rule 46(A)(8)(a); <u>In re Estate of Carnes</u>, 866 N.E.2d 260, 265 (Ind. Ct. App. 2007). Waiver notwithstanding, we note that Indiana Code chapter 22-4-15 does not provide a time limitation for termination.