**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Nov 18 2014, 9:37 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**MICHELLE R. RUGGIO**
Monticello, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KYLE HUNTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHELLE R. RUGGIO, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 93A02-1405-EX-336 |
| | ) | |
| REVIEW BOARD OF THE INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT, *et al*, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE REVIEW BOARD OF THE DEPARTMENT
OF WORKFORCE DEVELOPMENT
The Honorable Steven F. Bier, Chairperson
Cause No. 14-R-00619

**November 18, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

<u>STATEMENT OF THE CASE</u>

Appellant-Petitioner, Michelle R. Ruggio (Ruggio), appeals the Notice of Dismissal issued by Appellee-Respondent, Unemployment Insurance Review Board of the Indiana Department of Workforce Development (Review Board).

We affirm.

<u>ISSUE</u>

Ruggio raises one issue on appeal, which we restate as follows: Whether the Review Board erred in dismissing her appeal.

<u>FACTS AND PROCEDURAL HISTORY</u>

On September 7, 2012, Tyson Fresh Meats, Inc. (Employer) hired Ruggio to work as an accounting clerk at its facility in Logansport, Indiana. Employer's attendance policy provides that the accumulation of eight excused absences or two unexcused absences in a rolling twelve-month period will result in termination. Between February 19, 2013, and December 20, 2013, Ruggio accrued more than eight absences. As a result, on December 23, 2013, Employer terminated Ruggio for excessive absenteeism.

Ruggio subsequently filed a claim with for unemployment compensation benefits, and a deputy at the Department of Workforce Development made an initial determination that she was eligible for benefits. On February 17, 2014, Employer appealed. On March 5, 2014, the matter was heard by an administrative law judge (ALJ). On March 7, 2014, the ALJ issued her opinion, concluding that Ruggio had been discharged for just cause

and, therefore, was not entitled to unemployment compensation benefits. A copy of the ALJ's opinion was mailed to Ruggio the same day. On March 31, 2014, Ruggio appealed the ALJ's decision to the Review Board. On April 11, 2014, the Review Board dismissed Ruggio's appeal, finding it had not been timely filed.

Ruggio now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

Ruggio seeks reinstatement of her unemployment compensation benefits. She claims that the Review Board and the ALJ improperly determined that she was terminated for just cause. However, Ruggio entirely fails to address the dispositive issue of this case: the Review Board's dismissal of her appeal as untimely.

"The time period for perfecting an appeal from an ALJ's determination is statutorily defined." *Szymanski v. Review Bd. of Ind. Dep't of Workforce Dev.*, 656 N.E.2d 290, 292 (Ind. Ct. App. 1995). Indiana's unemployment compensation law stipulates that an ALJ's decision "shall be deemed to be the final decision of the [R]eview [B]oard, unless within fifteen (15) days after the date of notification or mailing of such decision, an appeal is taken by the commissioner or by any party adversely affected by such decision to the [R]eview [B]oard." Ind. Code § 22-4-17-3(b). When notice is served by mail, an additional three days is added to the prescribed time period. I.C. § 22-4-17-14(c). Thus, Ruggio was required to file her appeal no later than eighteen days after the ALJ's decision was mailed.

It is undisputed that the ALJ's decision was mailed to Ruggio on March 7, 2014; as such, Ruggio's appeal was due to be filed with the Review Board no later than March

3

25, 2014.  Ruggio does not contest that she did not file her appeal until March 31, 2014. It is well established that the failure to strictly comply with a statutory filing deadline "results in dismissal of the appeal." *Quakenbush v. Review Bd. of Ind. Dep't of Workforce Dev.*, 891 N.E.2d 1051, 1053 (Ind. Ct. App. 2008).  Accordingly, by filing her appeal six days after the statutory time limit, Ruggio forfeited her right to appeal the ALJ's ruling to the Review Board.

CONCLUSION

Based on the foregoing, we conclude that the Review Board properly dismissed Ruggio's appeal because it was not timely filed.

Affirmed.

MATHIAS, J. and CRONE, J. concur