## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 21 2015, 9:11 am

CLERK
of the supreme court,
court of appeals and
tax court

| | |
|---|---|
| **APPELLANT PRO SE** | **ATTORNEYS FOR APPELLEES** |
| Loren Jay Adams | Gregory F. Zoeller |
| Westfield, Indiana | Attorney General of Indiana |
| | |
| | Kyle Hunter |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Loren J. Adams, | October 21, 2015 |
| *Appellant-Petitioner,* | Court of Appeals Case No. 93A02-1501-EX-16 |
| v. | Appeal from the Review Board of the Department of Workforce Development. |
| Review Board of the Indiana Department of Workforce Development, and F&J Pizza III LLC, | The Honorable Steven F. Bier, Chairperson. The Honorable George H. Baker, Member. The Honorable Larry A. Dailey, Member. |
| *Appellees-Respondents.* | Cause No. 14R-02417 |

**Shepard, Senior Judge**

Loren J. Adams was fired from his job at Jet's Pizza. The Indiana Department of Workforce Development denied his claim for unemployment benefits, concluding that he was fired for just cause. Adams contends that the evidence does not support that finding, and that evidence needed to support his position was not made available to him. We affirm.

## Issues

Adams presents the following restated issues for our review:

I. Whether the Administrative Law Judge (ALJ) erred by allowing Adams' employer to introduce evidence of write-ups for incidents prior to the one that prompted his discharge.

II. Whether the ALJ erred by failing to obtain video tape evidence of the incident leading to Adams' termination.

## Facts and Procedural History

Adams had been a part-time delivery driver and inside staff person at Jet's Pizza for two years when his employment was terminated for insubordination on September 2, 2014. After he was fired, Adams filed for unemployment benefits, but his request was denied by the claims deputy, who found that Adams had been discharged for just cause. Adams appealed, and an ALJ conducted a full hearing, and concluded that Adams had been discharged for cause. Adams appealed that decision to the Department's Review Board, where the denial of benefits was affirmed yet again. Adams now brings this appeal.

# Discussion and Decision

## Standard of Review

The standard of review from a decision of the Review Board involves the following analyses: (1) findings of basic fact are reviewed for substantial evidence; (2) findings of mixed questions of law and fact—ultimate facts—are reviewed for reasonableness; and (3) legal propositions are reviewed for correctness. *Recker v. Review Bd. of Ind. Dep't of Workforce Dev.*, 958 N.E.2d 1136, 1139 (Ind. 2011). Ultimate facts are those which involve some inference or deduction from the findings of basic fact. *Id.* Where those facts are within the special competence of the Board, we will give greater deference to its conclusions, broadening the scope of what can be deemed reasonable. *Id.* We do not reweigh the evidence or assess witness credibility, but consider only the evidence most favorable to the Board's findings. *Quakenbush v. Review Bd. of Ind. Dep't of Workforce Dev.*, 891 N.E.2d 1051, 1053 (Ind. Ct. App. 2008).

## I. Evidence of Prior Write-Ups

Adams argues that the ALJ erred by allowing testimony and documents about prior write-ups Adams had received for poor performance on the job and for tardiness, saying that this allowed the employer to add violations to lend support for the decision to discharge Adams. Mark Helmer, the general manager of Jet's Pizza, testified without objection about Adams' fifteen prior write-ups involving tardiness, failure to check orders before delivery, or failure to follow direct instructions from supervisors. He said that although there is no

mapped disciplinary process that leads to termination, the general manager determines when a discharge will occur based on the employee's work record as a whole. Discharge can occur for any single violation of a rule in the employee handbook, and no employee similarly situated to Adams remained employed after accruing even ten write-ups. Helmer claimed to have treated Adams leniently, and described the incident prompting the final write-up as "the straw that broke the camel's back." Tr. p. 8.

[6] The final incident occurred on the evening of September 1, 2014, when a manager and two other employees were performing closing duties. The manager told all employees that no one could leave until all tasks were completed. He told Adams, who was mopping floors, to wait on mopping because other workers were moving back and forth. Adams threw down the mop and without permission went outside to sit in his car, still on the clock. Five or ten minutes later, Adams returned to the store and, upon being asked again to help the others, assisted with the closing. Once those tasks were completed, Adams clocked out with the other workers. His supervisor completed a write-up about the incident.

[7] The statute outlining the grounds for disqualification for employment benefits makes clear that an employee discharged for just cause is ineligible for benefits. Ind. Code § 22-4-15-1(a) (2014). The definition of discharge for just cause includes the refusal to obey instructions. Ind. Code § 22-4-15-1(d)(5). Courts have upheld refusal as just cause for discharge as a matter of law, recognizing this declaration in the Code. *See J.M. v. Review Bd. of Ind. Dep't of Workforce Dev.*,

975 N.E.2d 1283, 1289 (Ind. 2012) (denial of benefits affirmed where employee refused to report time missed as directed).

[8] Whether an employer had just cause to terminate is a question of fact for the Review Board to determine in each case based on the particular facts presented. *Russell v. Review Bd. of Ind. Dep't. of Emp't and Training Servs.*, 586 N.E.2d 942, 948 (Ind. Ct. App. 1992). Here, the Review Board's decision is supported by the facts it found.

[9] Adams points to testimony reflecting his side of the incident. In emphasizing his version, however, Adams in effect asks us to reweigh the evidence. Adhering to our standard of review, we decline. *See Quakenbush*, 891 N.E.2d at 1053.

[10] As for whether evidence of his prior write-ups should have been admitted, Adams did not object until the parties were preparing for closing argument. He then objected to some of the write-ups because they were not signed and claimed not to have seen at least one of them. We conclude that the ALJ did not err by admitting evidence of the prior write-ups because they tell the full story leading to the decision to discharge Adams for the final incident involving insubordination. With respect to the conduct of hearings, the statute says administrative law judges and others adjudicating unemployment compensation claims during a hearing shall do so in accordance with rules adopted by the Department of Workforce Development for determining the rights of parties. Ind. Code § 22-4-17-6 (2009). Caselaw further establishes that

the decision to admit or exclude evidence is left to the sound discretion of the administrative law judge. *See e.g., Cornell v. Review Bd. of Ind. Emp't Sec. Div.*, 179 Ind. App. 17, 21, 383 N.E.2d 1102, 1105 (1979).

[11] Adams also claims error in the admission of the evidence because Manager Helmer testified about the incident of insubordination but was not a witness to it. Asked by the ALJ about the final incident, Helmer testified he was not present on that evening but said the supervisor who wrote-up Adams was present and would testify. The supervisor did just that. To the extent Helmer testified about the last incident, he did so without objection and the issue is waived. Further, Helmer's testimony was cumulative of evidence offered by the supervisor who was in charge that night. "The admission of evidence is harmless and is not grounds for reversal where the evidence is merely cumulative of other evidence properly admitted." *Gaines v. State*, 999 N.E.2d 999, 1005 (Ind. Ct. App. 2013).

[12] There was sufficient, admissible evidence presented to support the denial of benefits on the ground that Adams was discharged for just cause. The ALJ did not err by admitting the challenged evidence.

## II. Video Tape Evidence

[13] Adams claims that the ALJ committed reversible error by "allowing the employer to destroy" evidence Adams had requested for the hearing. Appellant's Br. p. 1. We disagree.

[14]   The incident occurred on September 1, 2014. Adams requested video tape from the store on Friday, October 24, 2014 at 2:38 p.m. Ex. Vol. p. 18. The ALJ issued a subpoena for the video and audio surveillance evidence two business days later on October 28, 2014. *Id.* at 19-20. Testimony at the hearing, however, established that the equipment at Jet's Pizza stores records for just fifty days. Tr. p. 2. After the fifty days pass, the system automatically records over the previous video. *Id.* Thus, by the time Adams requested production of the evidence, it no longer existed. As for whether Jet's should have retained the video in anticipation of being asked for it, we think the ALJ could well have deemed such an omission as reflecting on Jet's case. Still, there is no evidence of any intent to undermine the proceeding by destroying evidence.

[15]   Affirmed.

May, J., and Bailey, J., concur.